IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LUCKY HULL, JR.                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 2:11CV0145-MPM-SAA

EMERSON MOTORS/NIDEC                                                         DEFENDANT

**ORDER**

Plaintiff Lucky Hull, appearing *pro se*, filed his Complaint against defendant Emerson Motors/Nidec Motor Corporation ("NMC"), alleging racial employment discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] Docket # 4. After answering (Docket # 10), NMC filed a Motion for Judgment on the Pleadings under FED. R. CIV. P. 12(c) or, in the alternative, to Dismiss under FED. R. CIV. P. 12(b)(1). Docket # 26. The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case as provided by 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The court denied defendant's Motion for Judgment on the Pleadings, but allowed a period of limited discovery to determine whether plaintiff's claims were tolled due to a material misrepresentation by an EEOC employee regarding when the plaintiff had to file his charge of discrimination with the EEOC under Title VII. Specifically, the question to be answered was (1) exactly when the plaintiff communicated with the EEOC to establish the date on which the EEOC allegedly misled the plaintiff, (2) what information the EEOC representative conveyed to

---

[1] Plaintiff filed a Motion to Amend his Complaint to add Title VII claims of wrongful termination on Friday, September 28, 2012, less than a week before the Final Pre-Trial Conference. Despite the fact that the deadline to amend has long passed, the court considered these potential claims in ruling on the Motion for Summary Judgment. Just as the other Title VII discrimination claims are required to be filed within 180 days, so are the wrongful termination claims.

plaintiff and (3) how the information was conveyed by the EEOC representative at the time. Docket # 32. Following the discovery period, the defendant filed a Motion for Summary Judgment asserting that because plaintiff has not demonstrated that he was misled in any way by the EEOC, he is not entitled to equitable tolling of the EEOC filing limitations period, and his complaint therefore should be dismissed. Docket # 37.

According to the plaintiff's Complaint and the attached Charge of Discrimination which plaintiff filed with the Equal Employment Opportunity Commission [ Docket # 4], plaintiff, an African-American, was involved in a verbal confrontation with a co-worker at NMC on October 21, 2010. He was suspended for three days, then terminated from employment on October 24, 2011. Plaintiff alleges he was not afforded alternative disciplinary procedures – such as a write-up or anger management training – which had been provided to similarly situated Caucasian employees before termination. Plaintiff also alleges that during his tenure at NMC, a Caucasian co-worker had similar verbal confrontations with others, yet was permitted to retain his employment.

Plaintiff claims that he went to the EEOC on February 24, 2011, and completed an Intake Questionnaire with the EEOC alleging race discrimination, but was advised by an EEOC employee that he did not have a viable claim because both he and the employee involved in the altercation were black.[2] Docket # 33, 34. The EEOC did not have plaintiff complete a Charge of

---

[2]The court expresses no opinion on the question of whether plaintiff may have a viable claim due to the fact that he went to the EEOC on February 24, 2001 to file a charge, but the EEOC employee failed to see that this was done. That is an issue that has not been addressed by the parties. This case was initiated based on the charge plaintiff filed with the EEOC on June 3, 2011; the February 24, 2011 visit to EEOC cannot be considered in determining whether plaintiff timely filed suit.

Discrimination, nor did it issue a Notice of Right to Sue in the wake of the February 24, 2011 Intake Questionnaire. *Id.*

Plaintiff now alleges that the same Caucasian individual who had previously had verbal confrontations with others and been permitted to retain his employment before plaintiff 's October 24, 2010 termination for that offense, had additional verbal and physical confrontations with co-workers on April 6, 2011, and was permitted to retain his employment with NMC. Docket # 11, p. 1. It was after plaintiff learned of the confrontations that occurred after his termination the previous fall that he again went to the EEOC and filed the June 3, 2011 Charge of Discrimination with the EEOC under administrative mandates of Title VII; the EEOC issued a Right to Sue Letter on this Charge on June 15, 2011. However, the EEOC informed plaintiff that his June 2011 charge was untimely based upon his termination date. Docket 38, Exhibit B. This action followed. Docket # 4.

In its April 3, 2012 Order allowing limited discovery on the tolling issue, the court stated:

> [B]ecause the plaintiff – a member of a protected class – had knowledge on the date of his termination that members of a non-protected class had not been disciplined or terminated for similar conduct, his claim for employment discrimination accrued at the latest on October 24, 2010. It follows that in order to be considered timely, the plaintiff must have filed a charge of discrimination with the EEOC no later than April 22, 2011, or 180 days after the date he was terminated because he was aware on that date of facts sufficient to support a prima facie Title VII claim. *Phillips*, 658 F.3d at 456. Whether later discriminatory conduct – such as the events of April 6, 2011 – occurred after plaintiff first became aware of his claim has no significance to this inquiry. *Id.*; *see also Pruit*, 784 F.2d at 1279-80. Thus, based on initial review of the evidence now before the court, it appears since a claim was not filed with the EEOC until June 3, 2011 – well after expiration of the 180-day limitation period – the plaintiff's Title VII claim fails as a matter of law.

Docket # 32, pp. 2-3.  In other words, plaintiff was advised that his case would be dismissed if he could not establish a basis for equitable tolling.

As to the tolling, plaintiff alleged that he "was instructed by the EEOC counselor that since the discrimination act happen[ed] on April 6, 2011, [he] had 180 days from [when the] discrimination occurred."  Docket # 30.  The plaintiff similarly stated that he "was informed the discrimination happen[ed] on April 6, 2011 [and therefore] his 180 days started on that date and not his termination date."  Docket # 30.  Because plaintiff is *pro se* and is unfamiliar with the legal system, the court allowed a discovery period for plaintiff to present admissible evidence of the date of this communication and the specific misinformation provided by the EEOC officer. In particular, the court advised in its April 3, 2012 Order that "for equitable tolling to even be applicable, the EEOC officer would have to have misled the plaintiff sometime before April 22, 2011 – when the facts suggest expiration of the 180-day period."  Docket 32, p. 4.

The Fifth Circuit has recognized that equitable tolling of time limits within which a plaintiff must file a charge with the EEOC may occur when a plaintiff is misled by the EEOC about the nature of his rights.  *Granger v. Aaron's Inc.*, 636 F.3d at 712.  The undersigned previously noted that while

> equitable tolling is a narrow exception to be 'applied sparingly,' the plaintiff's claim may not be barred if circumstances warranting tolling can be shown during the period between his October 24, 2010 termination and April 22, 2011, the day the 180-day period for filing a charge with the EEOC expired. . . . [T]o warrant equitable tolling based on the EEOC's having misled the plaintiff of the nature of his rights, the plaintiff "<u>must demonstrate that the EEOC gave him information that was affirmatively wrong</u>."  *Harrison v. Estes Exp. Lines*, 211 Fed. Appx. 261, 265 (5th Cir. 2006).  Merely failing to advise a claimant about the applicable limitations period will not suffice.  *Id.*"

4

Docket 32, pp, 4-5. Equitable tolling is appropriate where an "employee seeks information from the EEOC, and the organization gives the individual incorrect *information that leads the individual to file an untimely charge.*" *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 881 (5th Cir. 2003); *see also White v. Dallas Independent School District*, 581 F.2d 556, 562 (5th Cir. 1978) (emphasis the court's) (EEOC's failure to follow its own regulations which led employee to file untimely claim may equitably toll claim under this exception). In its April 3, 2012 Order, the court advised plaintiff that "unless the late filing of plaintiff's charge is directly attributable to an assurance by EEOC personnel that he need not file the charge before April 22, 2011, the doctrine of equitable tolling is not available to plaintiff to save his claim in this case." Docket # 32, p. 5.

It was only because of plaintiff's *pro se* status that the court did not dismiss the claims initially, instead granting plaintiff additional time to obtain the specific information necessary to survive a motion to dismiss. Further, the court ordered mediation (Docket # 40) and granted plaintiff time to obtain an attorney to assist him with his claims. However, plaintiff has never presented admissible evidence to indicate that he visited the EEOC at any time between February 25, 2011 and June 1, 2011. Docket # 39. Because the April 6, 2011 event of alleged discrimination had not occurred at the time plaintiff first visited EEOC on February 25, 2011, and because plaintiff did not visit EEOC again until June 1, 2011, plaintiff cannot demonstrate that he was misled by EEOC between the April 6, 2011 event and the running of the 180-day limitation period for his termination claim on April 22, 2011. Therefore, there is no basis for equitable tolling of the EEOC filing limitations period of 180 days. As plaintiff did not file his claim with the EEOC until June 3, 2011, well after the expiration of the 180-day limitation

period, his Title VII claim fails as a matter of law and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This the 31st day of October, 2012.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE